IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **HORIZON AMERICAS, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 03-1071-MLB |
| ) | |
| **CESSNA AIRCRAFT COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on defendant's motion for a protective order (Doc. 78). Specifically, defendant seeks an order prohibiting plaintiff from deposing three current Cessna executives and one former executive. For the reasons set forth below, the motion shall be DENIED.

### Background

This is an action to revoke acceptance of a jet aircraft and to recover the purchase price and related damages. Highly summarized, Horizon alleges that it paid Cessna $16,500,000 for the purchase of a new Citation X jet in 1999. Various mechanical failures and defects related to the flight computer, auto pilot and rudder control system developed shortly after the jet's delivery which caused the aircraft to remain out of service for prolonged periods of time.

Despite repeated efforts by Cessna and Cessna-authorized repair facilities to fix the problems, plaintiff contends that the defects have not been corrected; thus, it seeks revocation of acceptance under K.S.A. § 84-2-608 and the return of its money.[1]  In addition, Horizon alleges that Cessna breached various express and implied warranties.

On May 4, 2005, plaintiff served deposition notices for three senior Cessna executives– Ronald Chapman (Senior Vice-President, Customer Service), Jack Pelton (Chairman, President and CEO), and Roger Whyte (Senior Vice President, Sales and Marketing), and one former executive– Charles Johnson (Retired President and CEO).  As noted above, Cessna moves for a protective order prohibiting the depositions.  Plaintiff opposes the motion.  The parties' arguments are set forth in greater detail below.

## Motion for Protective Order

Cessna concedes that its senior executives are not immune from discovery but argues that depositions should not be taken of high-level corporate officers or managers "who are unlikely to have personal knowledge of the facts sought by the deposing party."  (Doc. 78, pp. 3-4).  In support of its motion, Cessna attaches affidavits explaining that while Chapman,

---

[1] Although Honeywell is not a party to this lawsuit, its equipment plays a starring role in this lawsuit.  Honeywell manufactures electronic components used in Cessna's Citation line and Horizon asserts that most, if not all, of the failures, defects and/or anomalies in its Citation X relate to Honeywell's "Primus 2000 interconnect computer control system." Honeywell apparently made several attempts to repair the Primus 2000 system.  Cessna concedes that the Primus 2000 system in plaintiff's aircraft was defective but contends that the problems have been corrected.  Cessna's Answer, (Doc. 15).

Pelton, Whyte, and Johnson were aware that Horizon was "dissatisfied with [the] Citation X," the executives don't recall the "specifics." Chapman, Pelton, and Whyte also assert that "there are other Cessna employees responsible to investigate and respond to complaints by Horizon Americas about their Citation X."

Contrary to Cessna's arguments, this is not a case where an officer of a corporation has no personal knowledge of the relevant facts. Cf. Thomas v. IBM, 48 F. 3d 478 (10th Cir. 1995) (no abuse of discretion in issuing protective order where subpoena violated local rule and IBM Chairman had no knowledge of pertinent facts related to case.).[2] Rather, the executives in this case concede that they were aware of Horizon's concerns but don't recall the "specifics" at this time.[3] A vague assertion by a witness that he does not remember the "specifics" is not sufficient justification for a protective order. Plaintiff is entitled to test the extent of the executives' memories, and documents produced during discovery may refresh their recollections. Equally important, Cessna repeatedly assured Horizon that it was doing *all* that it could to correct the problems. Plaintiff is entitled to ask the executives what actions, if any,

---

[2] Whether or not a person is a high-level corporate officer is largely irrelevant to the analysis. The court considers requests for such protective orders on a case by case basis and the threshold issue is whether, as a practical matter, there is reason to believe that the executive has knowledge of the pertinent facts. In this case, the court finds that the executives have such knowledge.

[3] The concession that the executives were aware of Horizon's complaints is not surprising given: (1) Horizon's demand for the return of $16.5 million dollars, (2) another aircraft owner/operator was raising similar concerns, (3) the FAA had been contacted and was reviewing safety issues related to the defects asserted by Horizon, and (4) Horizon copied the executives with correspondence concerning the defects.

they took to correct the problems and the nature and content of their communications with Honeywell.

On a separate issue, Cessna argues that plaintiff's issuance of a "notice of deposition" is inappropriate for Charles Johnson because he (1) is retired from Cessna, (2) currently lives in Colorado, and (3) refuses to voluntarily appear for a deposition. Horizon recognizes that a "notice of deposition" is ineffective for an uncooperative non-party witness and requests permission to take the deposition near Johnson's Colorado home under subpoena pursuant to Fed. R. Civ. P. 45. The court agrees that, under the circumstances, Horizon must proceed under Rule 45 to secure the deposition of Mr. Johnson in Colorado. Permission to take Mr. Johnson's deposition pursuant to Rule 45 is granted.

**IT IS THEREFORE ORDERED** that defendant's motion for a protective order **(Doc. 78)** is **DENIED.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 14th day of July 2005.

S/ Karen M. Humphreys

_____
KAREN M. HUMPHREYS
United States Magistrate Judge