IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **HORIZON AMERICAS, INC.,** ) <br> a Delaware Corporation, ) <br>  ) <br> Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> **CESSNA AIRCRAFT COMPANY,** ) <br> a Kansas Corporation, ) <br>  ) <br> Defendant. ) <br>  ) | Case No. 03-1071-MLB |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion to compel interrogatory answers. (Doc. 95). Cessna opposes the motion, arguing that the requested information is irrelevant. For the reasons set forth below, plaintiff's motion shall be GRANTED IN PART and DENIED IN PART.

## Background

The circumstances giving rise to this lawsuit have been described in prior rulings and will be repeated only as necessary for context. Horizon Americas, Inc. (Horizon) purchased a Citation X aircraft from Cessna for 16.5 million dollars and took delivery in April 1999. Horizon alleges that, shortly after taking delivery, various mechanical failures and defects related to the flight computer, auto pilot and rudder control system developed which caused

the aircraft to remain out of service for prolonged periods of time. Despite repeated efforts by Cessna and Cessna-authorized repair facilities to fix the problems, plaintiff contends that the defects have not been corrected; thus, it seeks revocation of acceptance under K.S.A. § 84-2-608 and return of its payments.[1] In addition, Horizon alleges that Cessna breached express and implied warranties.

A final pretrial order has been entered and this matter is scheduled for trial on January 10, 2006. The only remaining discovery disputes relate to Horizon's motion to compel answers to Interrogatory Nos. 5, 6, 7, 8, and 9. Cessna opposes the motion, arguing that the requested information is irrelevant. A summary of Horizon's motion and the court's ruling are set forth below.

## Motion to Compel

### Interrogatories Nos. 5 & 6

Interrogatory No. 5 asks Cessna to provide "the purchase price paid by Cessna to Honeywell for the Primus 2000 Integrated Avionics system" installed in the Citation X.

---

[1] Although Honeywell is not a party to this lawsuit, its equipment plays a starring role in this lawsuit. Honeywell manufactures electronic components used in Cessna's Citation line and Horizon alleges that most, if not all, of the failures, defects and/or anomalies in its Citation X relate to Honeywell's "Primus 2000 interconnect computer control system." Honeywell apparently made several attempts to repair the Primus 2000 system before this suit was filed and Cessna agrees that the Honeywell components are the source of plaintiff's main complaint (autopilot disconnect). Cessna contends that Honeywell finally came up with a "fix" for the malfunctioning component and, after this lawsuit was filed, the computer system now functions as intended.

Interrogatory No. 6 requests "the cost to Cessna, including the purchase cost and installation cost of the Primus 2000 Integrated Avionics System as installed by Cessna in the Citation X." Cessna argues that the information requested is irrelevant because Honeywell made the repairs to the avionics system at no cost to Horizon. The court does not agree and, for the reasons set forth below, finds that the requested information is relevant.

One of the primary issues in this lawsuit is whether the defective equipment "substantially impaired" the value of the aircraft to Horizon. Whether a product has been "substantially impaired" depends on a variety of factors, one of which is the cost to repair the item. If, for example, the defective part cost five dollars and could be installed in a matter of minutes, such evidence would support the inference that the value of a sixteen million dollar plane was not substantially impaired. On the other hand, if the defective part cost a million dollars and took months to install, a jury could infer that the defect substantially impaired the value of the plane.[2] Under the circumstances, the court is satisfied that the purchase price of the avionics system and the cost of installation are relevant to whether the value of the plane

---

[2] Cessna concedes that if the "relevant defect could be fixed by the buyer at a trivial cost," the cost of repairs might be relevant to the "substantial impairment" issue. <u>Response Brief</u>, Doc. 97, p. 4. Notwithstanding this concession, Cessna asserts that the price of the replacement part and installation in this case is irrelevance. Apparently, Cessna considers the "cost of repair" relevant when that amount supports its position and irrelevant when the amount is adverse to its position.

was "substantially impaired."³ Accordingly, Horizon's motion to compel answers to Interrogatory Nos. 5 and 6 shall be granted.

**Interrogatory Nos. 7, 8 and 9**

Interrogatory Nos. 7, 8 and 9 request (1) the value Cessna placed on its five year warranty program when setting the sales price of the Citation X; (2) the cost to Cessna of its five year warranty of the Citation X; and (3) the amount of reserves or contingent liabilities carried on Cessna's accounting records for the five year warranty program. Again, Cessna argues that the information lacks relevance and Horizon contends that the information is relevant.

The court is not persuaded that the interrogatories seek relevant information because Horizon has requested the *total* costs and reserves established for Cessna's five year warranty program. The *"totals"* would be meaningless to Horizon and the trier of fact because Cessna's warranties cover the entire Citation X, not just the avionics systems. Any attempt to draw conclusions about specific defects from Cessna's *total* warranty costs and estimates would be pure speculation.⁴ Accordingly, the requested information lacks relevance and the motion to compel answers to Interrogatory Nos. 7, 8, and 9 shall be denied.

---

³

Because the court finds the requested information relevant to the "substantial impairment" issue, the court does not address the parties's relevance arguments concerning other issues in the case.

⁴

The court declines to rewrite the interrogatory requests for Horizon. Discovery is otherwise concluded and this matter is ready for trial.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 95)** is **GRANTED IN PART** and **DENIED IN PART**. Cessna shall answer Interrogatory Nos. 5 and 6 on or before **November 30, 2005.**

Dated at Wichita, Kansas this 16th day of November 2005.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge