### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| HORIZON AMERICAS INC., | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No. 03-1071-MLB |
| | ) | |
| CESSNA AIRCRAFT COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| ——————————————————— | ) | |

### MEMORANDUM AND ORDER

Before the court are the following:

1. Cessna Aircraft Company's motion to exclude testimony of Lawrence Lacey (Docs. 104 and 105);

2. Horizon Americas' response (Doc. 115); and

3. Cessna's reply (Doc. 133).

According to the pretrial order, this case involves claims for breach of contract and/or breach of warranties and revocation of acceptance, and arises out of alleged defects in a Citation X business jet airplane manufactured by Cessna and sold to Horizon. The aircraft came with a warranty, which is hardly surprising since the sale price was almost 17 million dollars. The warranty covered the aircraft, except for the engines. Horizon claims that shortly after the Citation X was delivered in April 1999, it experienced various mechanical failures and defects which Cessna has been unable to successfully correct. Eventually, Horizon revoked its acceptance of the Citation X, tendered the aircraft to Cessna and demanded repayment of the purchase price.

Cessna, as might be expected, denies that the Citation X was or is defective and that it breached any warranties. Cessna asserts that by the time Horizon tried to revoke its acceptance of the Citation X, its condition had deteriorated and the aircraft was not worth any where near its original price.

Horizon hired an expert, Lawrence Lacey, who has prepared a written report setting forth his opinions regarding the various defects in the Citation X. Lacey was extensively deposed in June 2005. By its motion, Cessna seeks to exclude most, if not all, of Lacey's opinions.

According to his CV, Lacey spent approximately twenty years in the United States Air Force, eventually achieving the rank of colonel. Since 1992, he has been involved in various aspects of the civilian aircraft business, eventually ending up as a consultant and expert witness. Lacey has 6300 flight hours as a pilot-in-command on various military and civilian aircraft, albeit not the Citation X.

Cessna puts forth several objections to Lacey's testimony. Its first objection can be disposed of summarily. Cessna asserts that Lacey's testimony should be excluded because he is not "type rated" to fly any Cessna aircraft, including the Citation X. Cessna's objection goes to the weight of Lacey's testimony, not its admissibility. If, as Cessna contends, Lacey's unfamiliarity with the Citation X has resulted in his making incorrect statements of fact regarding the aircraft, Cessna can point that out to the jury and argue that Lacey does not know what he is talking about.

Cessna also contends that Lacey's testimony should be

-2-

excluded because it is based on speculation and improperly opines on the credibility of witnesses. Cessna does not point to a specific opinion in Lacey's report or deposition testimony which constitutes speculation so the court cannot rule on Cessna's objection. It seems too obvious to bother citing case authority that testimony based on speculation is inadmissible, whether offered by an expert or lay witness. The court will not permit any witness to offer speculative testimony.

Cessna also objects to Lacey's testimony which it places in the category of commenting on the credibility of witnesses, either that a witness's testimony is credible or that a witness's testimony is not credible. This time, Cessna cites what it says are examples. Lacey testified that "I believe this loss of confidence in the aircraft is justified and that Cessna's inability to repair the aircraft resulted in frustration of loss of confidence in the product." He also opined that owners relied on Cessna to isolate defects and make repairs and that the Citation X owned by Horizon was not as reliable as Cessna represented, not as reliable as a reasonable purchaser would expect and not as reliable as most of the Citation X fleet. This testimony does not sound like an expert's opinion on the credibility of another witness. Rather, it sounds more like the statement of a politician who purports to speak on behalf of the "American people" or the "people of Kansas." Either way, such testimony is inadmissible because it is irrelevant, not within any witness's expertise and unhelpful to the jury. Lacey will not be allowed to offer his opinion that Horizon acted "reasonably" or that Cessna acted

"unreasonably."    That   will   be   up   to   the   jury   decide.
Representatives of Horizon can testify regarding their frustration
with and loss of confidence in the Citation X, as well as their
reliance on Cessna to determine the cause of problems with the
aircraft and to fix them.   The jury can decide   from their
testimony whether their expectations were reasonable, assuming that
will be an issue on which the jury will be instructed.

      Cessna's motion to exclude the testimony of Lawrence Lacey
is granted, in part, and denied, in part, for the reasons stated
herein.

      IT IS SO ORDERED.

      Dated this  __31st__  day of February 2006, at Wichita, Kansas.


                              s/ Monti Belot
                              Monti L. Belot
                              UNITED STATES DISTRICT JUDGE