IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| HORIZON AMERICAS INC., | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No. 03-1071-MLB |
| | ) | |
| CESSNA AIRCRAFT COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the court are the following:

1. Cessna's motion in limine and memorandum in support (Docs. 123, 124), Horizon's response (Doc. 139) and Cessna's reply (Doc. 143); and

2. Horizon's motions in limine (Docs. 125, 127, 129), memoranda in support (Docs. 126, 128, 130), Cessna's responses (Docs. 136, 137, 138) and Horizon's replies (Docs. 144, 145, 146).

All parties seek to prohibit the admission of certain evidence at trial. To the extent it can with the information before it, the court will briefly rule on each motion. The court cautions the parties, however, that nothing in this Order will preclude the admissibility of the excluded evidence if it otherwise becomes relevant at trial. See Turley v. State Farm Mut. Ins. Co., 944 F.2d 669, 673 (10th Cir. 1991) ("The better practice would seem to be that evidence of this nature . . . should await development of the trial itself.").

## Cessna's Motion in Limine

Cessna seeks to exclude any testimony from individuals employed by Beehawk Aviation who were involved in the sale and use of another Citation X sold to Beehawk in October 2002.[1]  Both the Horizon and Beehawk Citation X aircraft had problems with the autopilot and, perhaps, shared other problems.  Horizon seeks to admit Beehawk personnel's testimony in order to establish

> (1) the existence of defects and defective design; (2) the effect of Cessna's failure to repair the same; (3) that Cessna's repair efforts were ineffective; (4) the effect of the defects on the confidence of Horizon in the Citation X, both objectively and subjectively; (5) the effect of the defects on impairment of use and value of the Citation X, both objectively and subjectively; and (6) to refute Cessna's claims that the failures and malfunctions did not occur under normal use and operation, or were caused by misuse, pilot error, or failure to properly maintain the Citation X.

(Doc. 139 at 13).  Each of these subjects of testimony will be discussed, infra.

At the outset, it is worth noting that Cessna has taken some very one-sided positions regarding the relevance of evidence about the Beehawk plane.  One example is found in the following argument:

> It is relevant to this case that Beehawk had a plane that experienced some autopilot problems.  It is also relevant that Cessna and Honeywell determined how to fix Horizon's plane from its work on the Beehawk plane - Cessna was unable to do any work on the Horizon plane after it was flown to Argentina.  It is relevant that Cessna ultimately sold the Beehawk plane for $15,600,000 with a history of problems with its autopilot that were reflected fully in the airplane's logs and it is being flown with no problems today, facts that rebut plaintiff's expert's opinion that a plane with autopilot problems could only be sold for scrap.  Beyond this basic information which requires no

---

[1] The motion seeks to exclude the testimony of Stanley E. Thomas, David Ronig, Charles Wallace Crabtree, Richard H. Landry and Fred W. Cochran, Jr.

-2-

> Beehawk witnesses, nothing about the Beehawk transaction is relevant to any issue in this case. It is not proper to permit plaintiff to confuse the jury with detailed testimony about the nature of all the problems experienced with the Beehawk airplane, including opinions of the "safety" of the Beehawk aircraft, or to offer evidence of how Cessna handled the problems with Beehawk, including financial arrangements made with Beehawk, to prejudice the jury in this case.

(Doc. 124 at 3).

Later, in its reply, Cessna asserts that the testimony of Beehawk's witnesses constitutes improper expert opinion and in any event is not admissible to demonstrate notice, the existence of a defect and to refute testimony that the Citation X was designed without defects because Horizon is asserting a claim for breach of warranty, not for products liability. (Doc. 143 at 2-3). Cessna's position seems to that the Beehawk Citation X's autopilot problems and the repairs thereof are relevant, but only if testified to by Cessna witnesses.[2]

Cessna cannot have it both ways. If the Beehawk plane's autopilot problems are relevant, then the best witnesses to testify about them are the Beehawk pilots who experienced the problems. Beehawks pilots would not be testifying as experts any more than a treating physician who testifies regarding his patient. Fed. R. Evid. 701. The court overrules Cessna's objections to subjects (1), (2) and (3).

Subject (4), evidence of the effect of the defects on the

---

[2] Cessna makes the somewhat startling statement that the Beehawk Citation X is a "completely different plane" than the Horizon Citation X. (Doc. 143 at 4). It offers no explanation or evidence to support this assertion. No doubt there are differences between the two planes but they <u>are</u> the same basic aircraft.

-3-

confidence of Horizon and the impairment on use and value to Horizon is relevant to the issue of Horizon's revocation. See Hemmert Agr. Aviation, Inc. v. Mid-Continent Aircraft Corp., 663 F. Supp. 1546, 1553-54 (D. Kan. 1987).  However, Beehawk's witnesses' testimony of their confidence in the Beehawk Citation X is not relevant and would not be helpful to the jury.  Fed. R. Evid. 403.

Subject (5), the effect of the Beehawk plane's defects on the impairment of use and value of the Citation X will be excluded under Rule 403.  Horizon has stated that it ". . .does not intend to introduce evidence of Beehawk's Exchange Agreement or Cessna's repair and sale of SN185."  (Doc. 139 at 2).

Turning finally to subject (6), Horizon seeks to admit the Beehawk evidence to refute claims by Cessna that "the failures and malfunctions did not occur under normal use and operation, or were caused by misuse, pilot error, or failure to properly maintain the Citation X."  In order to state a claim for breach of contract, Horizon must establish that Cessna breached its duty to repair or replace the defects.  The evidence that malfunctions occurred in the Beehawk Citation X would not be relevant to establish that Cessna breached its duty.  In the pretrial order, however, Cessna states that "the Citation X suffered from no defects in material or workmanship." Pretrial Order at 14.  Should Cessna attempt to introduce evidence that the problems of the Horizon Citation X were a result of abnormal use, misuse, pilot error or failure to properly maintain the Citation X, the evidence that the Beehawk Citation X had similar malfunctions arguably could be relevant to rebut Cessna's evidence.  This evidence, however, may only be used as impeachment or rebuttal and only with

leave of court.

## Horizon's Motions in Limine

1. Motion to Exclude Testimony of Single-Pilot Operation (Doc. 125)

Horizon has asserted that it will introduce testimony that the owner and the pilots did not feel safe in the aircraft to establish that the value of the aircraft was substantially impaired. To contradict that evidence, Cessna would like to introduce testimony that the Citation X was flown on two occasions with only one pilot. The Citation X is required by the FAA to operate with two pilots.

Evidence that the pilot flew the plane without the required two pilots may, or may not, be relevant depending on Count Claudio's and Angel's testimony regarding their concerns about the Citation X's safety, e.g. for purposes of impeachment. But the fact that flying a Citation X with only one pilot violates FAA regulations is a prejudicial sideshow. Fed. R. Evid. 403. No evidence regarding this issue will be received at trial without the court's approval.

2. Motion to Exclude Evidence of Sale of Beehawk's Citation X (Doc. 127)

Horizon has moved to exclude any evidence of Cessna's sale of the Beehawk Citation X in May 2004. Cessna responds that the evidence of the sale is relevant in determining the value of Horizon's Citation X since it was a comparable sale and will rebut Cessna's expert testimony that the aircraft would be sold for salvage value. Once again, the court notes the one-sided nature of Cessna' positions. On one hand, Cessna asserts that the Beehawk Citation X was a "completely different plane" but then argues that ". . .the fact that the Beehawk

aircraft sold for its full book value is relevant to Cessna's defense against assigning such a value to the Horizon Citation X." (Doc. 136 at 3). If, as Cessna asserts, the two planes were "completely different" then the sale price of one would be completely irrelevant to the sale price of the other.

The court finds that the sale price of the Beehawk Citation X is not relevant. The Beehawk was three years newer than Horizon's Citation X and was sold one year later. While Cessna is free to offer evidence that no Citation X has been sold for salvage value, it cannot introduce evidence regarding the sale of the Beehawk.

    3.    Motion to Exclude Evidence of Events Occurring After and as a Result of the Partial Settlement Agreement (Doc. 129)

On April 19, 2004, the parties entered into a partial settlement agreement which included the following paragraph:

> Horizon and Cessna agree that evidence of events occurring after and as a result of this agreement shall not be admissible at trial by either party for any purpose. Evidence of events or conditions occurring or existing prior to this agreement are not hereby excluded and the admissibility or inadmissibility of such events shall be determined in accordance with all applicable rules of evidence.

(Doc. 137, exh. A ¶ 9).

At the hearing on May 8, 2006, Cessna's counsel asserted that although the sale was an event that occurred after the agreement, the event of the sale and the price should be admissible during trial since Horizon has a duty to mitigate its damages. Horizon's counsel responded that the agreement clearly established that the sale would not be admissible.

The plain language of the agreement supports the conclusion that

both parties agreed that any event that occurred after the agreement would be inadmissible.  Under Kansas law, the court is to enforce settlement agreements "in the absence of bad faith or fraud."  <u>Rogler v. Standard Ins. Co</u>, 30 Fed. Appx. 909, 2002 WL 307731 *3 (10th Cir. Feb. 28, 2002)(citing <u>Krantz v. Univ. of Kan.</u>, 271 Kan. 234, 21 P.3d 561, 567 (Kan. 2001).  Moreover, Fed. R. Evid. 408 precludes the admission of a settlement agreement for the amount of the claim.  Clearly, that would preclude the admission of this agreement in order to show the sale amount of the aircraft.  Horizon's motion (Doc. 129) is granted.[3]

IT IS SO ORDERED.

Dated this __18th__ day of May 2006, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE

---

[3] Cessna asserted during oral argument that the sale must be introduced into evidence since it is clearly relevant to demonstrate Horizon's duty to mitigate.  It also contends in a pleading that the sale is relevant to its failure to mitigate defense. (Doc. 136 at 1). Duty to mitigate, however, is an affirmative defense which must be asserted by Cessna.  <u>See</u> <u>Rockey v. Bacon</u>, 205 Kan. 578, 583, 470 P.2d 804, 808-09 (Kan. 1970).  Cessna has not raised this defense in its answer and it is not included in the pretrial order.  <u>See</u> Docs. 15, 89.  Thus, it is waived.